UNITED STATES DISTRICT COURT
OF WASHINGTON D.C.

STATE OF DISTRICT OF

THOMAS P. VITRANO,
   PLAINTIFF,

V.

UNITED STATES ATTRONEY GENERAL,et.al.,FEDERAL BUREAU OF PRISONS,et.al.,
UNITED STATES MARSHALS SERVICE,et.al.,AUSA GORDON GIAMPIETRO,E.D.WISCONSIN,
(FCI ENGLEWOOD,COLORADO DEFENDANTS;Warden Huggins,Assist.Warden,R.Mitchell,
Captian,Guimond,Lieutenent Shaw,SHU Lieutenent Kessler,East Unit Mangr,Staut,
Health Services Administrator,Hudson,Assistant Health Services Admin,Lazano,Nurse Practitioner,
Frankie Cordova(Englewood FCI SHU Property Officer,Root,SHU Officer,Rafferty,SHU Officer,
Shortis,et.al.
   DEFENDANTS/RESPONDENTS.

Case: 1:18-cv-00132
Assigned To : Unassigned
Assign. Date : 1/5/2018
Description: Pro Se Gen. Civ. **(F-DECK)**

## ORIGINAL PETITION

   Presents Now, the Plaintiff , THOMAS P. VITRANO,Does hereby
tender this original petition to this Court,Pursuant to 28 U.S.C.1332,
"Diversity of Citizenship".
   Party,plaintiff/petitioner,is located in FCI Englewood, Littleton,CO.
While Defendant(s) locations are in;

1) West Virginia         4) Washington,D.C.
2) Wisconsin             5) Denver, CO.
3) Illinois

## AMOUNT IN CONTROVERSY

   Further,not pursuant to 28 U.S.C.1332(a),The matter in Controversy
is in excess of 50(Fifty)Million U.S.Dollars,and is thererfore compliant
with Congressionally stated amount of$75.000.00 ,minimum.

## CIVIL "RICO"

   As this Court is well aware,Congress granted allowances to any party
to "Prosecute" under Section 1964(c).
   "(c) Any person injured in his business or property by revision of a
      violation of Section 1962,of this chapter[Section U.S.C.S.1962]
      may sue therefore in any appropriate United States District
      Court.....

(1)

JAN - 3 2018

Further, party "VITRANO", Does hereby also "Charge" and "Allege" conduct(s) which are in Violation(s) of Sections 1985, and 1983 of Title 42, also known as "BIVENS" Violations" and conspiring to interfere with Civil Rights.

## CIVIL "RICO VIOLATIONS"

VITRANO, Presents to this Court, facts supported by "National Archive(s) records", which reveal that Due to Constitutional Violations, "VITRANO" has been unlawfully incarcerated for over 15 plus years plus.

In summary, as to be argued in detail, "VITRANO", has been convicted and sentenced (Multiple times) by a United States District Court, of which has held "NO CONGRESSIONALLY AUTHORIZED JURISDICTIONAL ASSIGNMENT" over criminal proceedings.

According to Article III, section 1: "The Judicial power of the United States, Shall be vested in One Supreme Court, And **in such inferior Courts as The Congress may from time to time ordain and establish."**

The American Heritage Dictionary(English), defines "Ordain" as:

2). To order by virtue of Superior Authority; decree or inact".

Also, "Establish" is defined as:

"(6). To introduce and put (a law for example) into force.

In SUMMARY, "VITRANO" IS CONTESTING THE Jurisdictional Authority over all of his criminal proceeds to date under Section 3231, and has never been properly passed, Pursuant to the Constitutionally Mandates, and the Supreme Court ruled adherences to ART 1, Sec 7, clause 2, "Bicameralism".

--See.192 LED 2D 463__U.S.__Kimble v. Marvel ENTM'T, LLC.(Citing; "Passing legislation is no easy task. A federal statute must withstand the "Finely wrought" proceedure of bicameralism and presentment. INS v. Chadha, 462 U.S. 919, 951, 103 S.Ct. 2764, 77 L.Ed 2d 317(1983): Clinto v. City of New-York, 524 U.S. 417, 440, 118 S.Ct. 2091, 414 L.Ed 2d 393(1998); See U.S. Const. Art 1, section 7".

As Constitutionally mandates steps towards the enactment of Law(s) are clearly required, any disregard to such adherences (ART 1, Sec.7, Clause 2) shows as a violation of a right due a person;

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution, and laws of the United States...."

See West v. Atkins, 487 U.S.42, 48, 108 S.Ct. 2250, 101 L.Ed 40(1988).

Failing to adhere to hold Congress to the "Finely wrought" mandated "Bicameralism" proceedure and allowing the United States District Court(s) to have "Original Jurisdiction" over "VITRANO", without actual, Constitionally protected rights to due process of law.

"VITRANO" has been injured, and satisfying the "Case or Controversy" doctrine of Article III.

Further, in reliance of the Courts holdings, in U.S. v. Phillip Morris, U.S. District Court of Washington, D.C. @ 801 F.3d 257: Citing;

> "Instead we held simply that the corrective statement remedy was permissable under Section 1964, because defendants, it compelled to tell the truth about cigarettes Section[3231], would at the same time be impaired in making false and misleading assurances.
>
> This Court found that to protect society at large, from a party making false statements as to material issues, "requiring defendants to reveal the previously hidden truth about their products will prevent an restrain them from disseminating false and misleading statements, thereby violating "RICO" in the future".
>
> The people of the United States, and cigarette market, are entitled to truthful statements, from cigarette manufactuers, as to the health hazards of cigarettes, then surely the same people of the United States are entitled to be told that Section 3231 of Title 18, Criminal code, was not, is not, and until change is made, will never Constitionally be sound as to ARTICLE III judical powers and criminal process.

In other words, "VITRANO" requests in addition to the pecuniary relief, sanctions which hold the United States to being truthful and honest with any current and future cases, under criminal process, that the United States District Court(s) holds **"NO" ARTICLE III POWERS"** over the party facing criminal charges.

## PREDICATE ACTS AS REQUIRED UNDER 1964

Accordingly,"Civil RICO" requires injury-in -fact by way of enumerated predicate acts.

This legislation (1961-1964) of Title 18 is valid law,as it was passed later than the Section 3231 Statute at large.

1) Predicate act # 1,Wire fraud;

On or about,2001-2002,"VITRANO",was indicted by a granting of Section 3231 of Title 18.

The AUSA(Gordon Giampietro) garnered a Grand Jury charge in a scheme to defraud "VITRANO"( An American Citizen) of his rights to due process and $ 3000.00 of personal assets.

AUSA "Giampietro's" misrepresentation of facts to the Grand Jury,which materially affected the Grand Juries findings.

Specifically, "AUSA Giampietro",Eastern District of Wisconsin, represented that the United States District Court offered "Jurisdiction"over the"Grand Jury"proceedings. This was and is now proven [By Exhibit One ] to be a false and misleading statement which caused the Grand Jury to unlawfully indict "VITRANO" for charges the District Court had **NO "ARTICLE III"** authority to convene over.

The "AUSA Giampietro",clearly intended to harm "VITRANO", by way of "Indicting him lacking Judicial Authority.

The E-Mailing of documents occured,and has continued to occur due to this overt act on multiple occasions since this date of fraudulent conduct,thereby each specific E-Mailing associated with this Case since January,2013,is in "Furtherance of" the "scheme to defraud",in violation of Section 1343 of Title 18, Wire Fraud.

**PREDICATE ACT #2,FRAUD IN VIOLATION OF 1343 of TITLE 18,and 1962 of TITLE 18**

The plaintiff relies on the scheme to defraud as alleged to Count #1, and enumerates the following;

On or about,October 28,2015,"VITRANO" appeared in the Eastern District Court of Wisconsin, through and by his Attorney, "Shelly Fite",by way of mailings to the Courts and "VITRANO", offering relief in sentencing,under "Johnson v. United States, 135 S.Ct. 2551(2015),and made retroactive by the Seventh Circuit Court of Appeals pursuant to Price v. United States,795 F.3d 731 (7th Cir.2015).

(4)

The mailings were caused by way of "AUSA(s)" agreement to lower "VITRANO's" sentence.

These mailings were "in furtherance of" the "scheme to defraud", "VITRANO" of his liberty and property, and were caused by the "AUSA", and Court Filings, specifically, the "AUSA" of the Eastern District of Wisconsin, represented the United States District Court held 3231 Jurisdiction over "VITRANO" and the proceeds.

This was patently false and misrepresentive of the facts now available to the Courts (See Exhibit ONE )

This was in violation of the 1343 of Title 18.

The "AUSA" specifically intended to injure "VITRANO".

### PREDICATE ACT #3, Wire fraud, 1343 of Title 18, 1962 of Tile 18

3) The plaintiff relies on, and further alleges all conducts of prior Courts, and specifically states the following facts;

On or about November/December, 2015, "VITRANO" filed for sentencing error/correction, under Rule 36, with the District Court of the Eastern District of Wisconsin. This action was due to "AUSA" falsely prosecuting "VITRANO", without Section "3231" jurisdiction over the charges against him.

As such, the District Court was materially misrepresented, as was "VITRANO", with the "AUSA" using Section 3231 powers, of which do not exist due to the invalidity of 3231 as a statute of law.

This misrepresentative conduct, was material to "VITRANO'S" unlawful incarceration continuance.

In otherwords, the "AUSA"(s) "assumption", that it holds 3231 Jurisdiction over the criminal process is invalid.

Due to this coduct, the "AUSA" "Caused" E-mailings of documents to be sent in interstate commerce.

This was in furtherance of the scheme to defraud, a violation of 1343 of Title 18, Wire Fraud, and 1962 of Title 18, "RICO".

### PREDICATE ACT #4 , Sentencing Errors

4). The plaintiff relies on, and further alleges, all conducts of prior Courts, and now specifically states the following facts;

On or about November 2015, while in West Virginia, "VITRANO", did present a "habeas Corpus 28 USC 2241, to the District Court in the District of Northern West Virginia.

This request for relief for sentence errors manifest.

PREDICATE ACT # 5 "KIDNAPPING

5). In reliance of all prior allegations,"VITRANO",does allege due to the U.S.District Court holding in 2241, and his original sentence,and sentences in 2015, the "BOP","U.S. Marshals",and the U.S.Attorney General" have continually "Kidnapped" and "Transported" ,"VITRANO",across state lines on multiple occasions since January,2003.This is in violation of 1962,and 1964,of Title 18.

Although within the District Court,which held a Jurisdictional grant of power under 28 USC.2241,the "BOP" did infact,**Obstruct Justice** by way of miscalculation of the plaintiff's sentence computation.
This knowing and willing Obstruction is in direct violation of Section 1503 Of Title 18.
"VITRANO",has continued to be harmed by further unlawful detention. Also,in violation of Section 1962/1964 of Title 18.

PREDICATE ACT #6 UNLAWFUL INCARCERATION

6). On or about,June,2017,while filing for 28 USC.2241 relief in the Southern District of Illinois,District Court,The District Court Judge stood on the previous/prior erronious holding by the District Court for the Northern District of West Virginia(Predicate Act #4),denying "VITRANO" due process relief for his wrongful incarceration due to sentencing errors manifest since October,2015.
This was a further Obstruction of Justice in direct violation of Section 1503,1962,and 1964 of Title 18.

## DEFENDANTS IN BIVENS ACTION

The following named defendants, are named and associated within this original petition, and the "Bivens" action, as follows;

Defendants:
- 1). Attorney General of the United States
- 2). Federal Bureau of Prisons, et.al.,
    (FCI ENGLEWOOD, CO.)
    - Warden Huggins
    - Assistant Warden R. Mitchell
    - Captian Guimond
    - Lieutenent Shaw
    - Lieutenent Kessler
    - East Unit Manager, Staut
    - Health Services Administrator, Hudson
    - Asst. Health Services Administrator, Lazano
    - Nurse Practitioner, Frankie Cordova
    - SHU Officer, Root
    - Shu Officer, Rafferty
    - SHU Officer, Shortis

- 3). United States Marshals Service, et.al.
- 4). AUSA Gordon Giampietro, Eastern District of Wisconsin

## BIVENS ARGUMENTS

The petitioner in reliance of all prior allegations, alleges that the "BOP" "et.al.", "U.S. Marshals Service", "et.al", and the "U.S.Attorney General, et.al.", have violated "VITRANO's" Constitutional rights, and "VITRANO" offers specific conducts as follows;

Naming specific "BOP" officers, and generally alleging the U.S.Marshals service (Unknown Agents), and the U.S.Attorney General.

### BIVENS VIOLATION COUNT #1

1). On or about June, 2017, "VITRANO", was denied medical relief on a medical issue(s), of which would likely require **"Surgery"** to resolve.

Specifically, Dr.Santini, FCI Englewood, CO., medical staff doctor, and nurse practioner, and namely nurse practitioner "Cordova", continued to ignore the plaintiffs concerns and medical issues, statrting with and also pertaining to the plaintiffs "Left hand" "Middle-finger", known medically as diagnosed as "Tenosynovitis" (Trigger-finger), however this condition was misdiagnosed by the medical department at FCI Englewood as "Arthritis", which the plaintiff has had previous surgery on his right hand for the smae condition, years previous, showing that this misdiagnosis by the medical department, is in fact NOT arthritis.

This is a direct violation of "VITRANO's" Constitutional rights to fair medical treatment, and also violates "Cruel and Unusal Punishment", clause of the 8th amendment, this conduct is in violation of 42 USC.1983/1985 (See Exhibits "A" of Bivens evidence)(See Exhibits Number #2)

2). On or about, November, 2017, in furtherance of violations of 42 USC 1983/1985, Nurse Practitioner "Cordova", refused to offer ordered pain medication injections, that had been ordered by Dr. Santini, and also at the direction of the Health Services Administrator, "Mr. Hudson", for a extremely painful medical condition, (See exhibits "C", and "J") of "Bivens evidence. (See Exhibits Number #2)

3). On or about October, 2017, the regional office for the Central Regional District of the "BOP", in furtherance of violations of 42 USC.1983/1985, refused to take any action on a "Surgical remedy Complaint", and in doing so, continued to expose "VITRANO" to "Cruel and Unusual punishment, and supports 42 USC.1983/1985 violations with local staff over the medical department at FCI Englewood. (See Exhibit "E") of "Bivens" evidence. (See Exhibits #2)

(7)

4). During the months of November/December,2017,"Nurse Practitioner-Cordova",Dr. Santini, and Health Services Administrator Mr. Hudson", have consistently refused to provide medical treatment for a large protrusion on the plaintiffs left side , which has now reached the size of a "Football",and has continued to cause "VITRANO" extremely severe pain,since the onset of this occurance which started on November 3,2017,and this protrusion has failed to disappate in size since the onset on November 3,2017,shortly after receiving the flu shot.

Nurse Practitioner "Cordova" is now "retaliating " against "VITRANO" for using the administrative remedy process,aginst "Cordova" for the inadequate medical attention,and treatment.

"VITRANO",is still in need of medical attention,and treatment to address this protrusion on his left side below his rib cage, and as of the date of December 18,2017,NOW 30 days after "VITRANO" had received an "MRI" to determine the cause of this protrusion,has still not received the results of the "MRI", to date.(See exhibit "J") of Bivens Evidence.(See Exhibits #2)

5). On or about November 24,2017,"VITRANO",filed an administrative remedy to the institutional "Wardens" level,regarding "Nurse Cordova's" refusal to administer prescribed pain medication injections,(Medication for the extreme pain associated with the protrusion of plaintiffs left side), in which no relief has been granted as yet.

This actual ignorance,and continued negligence,deliberate indifference, and continued inadequate medical care/treatment is in furtherence of 42 USC.1983/1985.(See exhibit "K")Of "Bivens" evidence.(See Exhibits #2)

6). On November 28,2017,through December 5,2017,the petitioner was attempting to be seen by sickcall staff at the medical department, however "Nurse Cordova's" initation of "retalitory action" against "VITRANO",due to his prior filings of administrative remedies,which the petitioner is bound by "BOP" policy to file,and use,regarding the inadequate medical care,namely by "Nurse Cordova,Dr. Santini, and Health Services administrator "Hudson", as well as the "Assistant Health Servies Administrator,"Lazano"(Sic).

Harrassment by these individuals, and retaliation by these same individuals,was brought against "VITRANO",for requesting medical attention.

To this date,December 18,2017, the petitioner is in fear of further retaliation by these medical staff members,which is now preventing "Vitrano", from seeking further medical treatment for serious issues.

## UNLAWFUL INCARCERATION PAST PETITIONERS TERM OF IMPRISONMENT
### BIVENS VIOLATION, COUNT #2

**(PLEASE SEE EXHIBITS #3, and APPENDIX ENCLOSED REGARDING THIS VIOLATION / COUNT #2 )**

ON October 28,2015, the petitioner,"VITRANO",was granted a reduction of his sentence,Case No. 02-cr-199,Eastern District of Wisconsin,Judge Randa, (See Exhibit #3,"A")(Judgment and order Granting Reduction of Sentence).

The petitioner,also cites Exhibit#3,"B",Sentence computation sheet,**Pg #2, Previous** to the petitioners reduction of sentence)(Computation by the "BOP" made on 10-13-2015).

The petitioner had also been sentenced in the Eastern District of Wisconsin Case No 09-cr-140,on 8-26-2013,Judge Lynn Adelman,in which that sentence was structured to run 72 months concurrent, and 48 months consecutive to the sentence the petitioner was also serving,a 360 month sentence regarding Case No 02-cr-199,Eastern District of Wisconsin(SEE Exhibit #3,"C" and "D", showing the "True and Correct copy of the sentence transcript for Case No. 09-cr-140("C"),and "D",the Judgment in a Criminal Case09-cr-140,page #2, showing the actual correct structure of this sentence as imposed by Judge, Lynn Adelman).

Upon the petitioners reduction of sentence on 10-28-2015,for Case No. 02-cr-199,the "BOP" through (Exhibit #3,"B",page #6,"BOP"Computation sheet **POST** sentence reduction,shows notation that the petitioner has clearly overserved his sentence in Case No. 02-cr-199,however the Clerk of Court(s) errors in "Saying that overserved time to apply towards revocation",in which the petitioner had never been released from prison,and had also never been placed upon supervised release in which he could have violated those conditions of supervised release.

Therefore, the correct course would be to apply the overserved time towards any outstanding sentence(s),as towards the 48 months consecutive portion of the petitioners sentence for Case No. 09-cr-140.

At this time,according to the "BOP"(s) new sentence computation data sheet, dated 11-09-2015,(See Exhibit #3,"B",page #7)(which the "BOP" had now turned the sentence for Case No 09-cr-140, as being structured by the Court, to run as 72 months concurrent,and 48 months consecutive to Case No.02-cr-199, and has now changed the structure and sentence given by the Court in Case No.09-cr-140, into **NOW** a 120 months,totally consecutive sentence.

The petitioner has now been subjected to a 120 months sentence that the "BOP" has decided to "Met-out" ,outside of that Ordered by the Court in Case No. 09-cr-140.
The petitioner should have been instead "Immediately Released"upon the

(9)

the reduction of his sentence in Case No.02-cr-199(Exhibit #3,"A"),which occured on October 28,2015.

The "BOP" states that because the petitioner has now been granted a discharge date of 8-11-2011, for the sentence in Case No 02-cr-199,upon his reduction of sentence,that due to this new discharge date, that the sentence in Case No. 09-cr-140, now becomes "TOTALLY" consecutive,because according to the "BOP"calculations, which are in error, the petitioner,now could not have begun to serve the sentence for Case No. 09-cr-140, given on 8-26-2013, because he was discharged from the sentence for Case No.02-cr-199,as of 8-11-2011.

The "BOP(s)" error in its calculations,fails to realize that the sentence discharge date for Case No.02-cr-199,of 8-11-2011,upon the petitioners sentence reduction for that Case **Did NOT OCCUR UNTIL 10-28-2015,** and the petitioner has never been released from prison this complete period of time, concerning **BOTH Sentences.**

The "BOP" also fails to account for "ALL Earned good time credits" that the petitioner has earned for Case No.02-cr-199,which should also been applied towards the overserved time and credited towards the 48 months consecutive portion of Case No. 09-cr-140.

Due to this simple mathematical error,and the "BOP'S" decision to act outside of the Courts,metting out their own version of sentence for Case No. 09-cr-140, the petitioner has now been held over 2 years,plus, "Past his lawful Term of imprisonment".

### FTCA 2679(b)(2),VIOLATIONS

Further, according to 28 USC.2679(b)(2),Section (A);
>"Which is brought for violation(s) of the Constitution
>of the United States,...."

Plaintiff,"VITRANO",further realleges all prior arguments,and encompasses such conduct(s) as Section 2679(b)(2) of title 28 offers inclusive protections.

**Additionally....**According to section (b) of 2679(B)(2),"VITRANO", further relies on;
>"(B)   which is brought for a violation of a Statute of the United State
>       under which such action against an individual is otherwise
>       authorized".

"VITRANO",alleges all prior enumerated conduct(s) which are in violation and inclusive under 28 USC. 2679(b)(2),and supported by 42 USC.1983/1985,and 18 USC.1341,1503,and 1962/1964 violations as allegedly charged within this original petition are further included as allowed pursuant to this "FTCA"subdivision.

## CONCLUSION

Under 1964,and supported by 1962 of Title 28,Plaintiff,"VITRANO", holds jurisdictional authority of Article III to "Prosecute" acts.
Conclusively,as such charging is allowed,and recognized by this Court,treble damages,as well as"injunctive relief",is available,
See Courts holdings in..United States v. Phillip Morris,209 F.Rd.13, 840 F.3d 844(2016)USDC D.C.,CA

"injunctive relief is a remedial relief allowed under Section 1964 of Title 18".

## BIVENS CONCLUSIONS

"VITRANO",alleges that Medical Indifference is covered under Section 1983/1985 of Title 42.

Each officer (Agent) is personally liable to the petitioner as such. Bivens,"Which permits an action for damages against a Federal Actor who violates ones Constitutional Rights(As relied on in Reyes v.Duggan, Aug.2017 Lexis 144028).

Medical indifference,is an 8th amendment right,which has been violated by medical practitioners/providers.

"Vitrano", is therefore entitled to relief pursuant to 42 USC.1983/1985.

## FTCA CONCLUSIONS

Petitioner,re-affirms that under 28 USC.2679(b)(2)(a)(b),FTCA claims are also allowed over and above "Civil RICO",and "Bivens" arguments.

Exclusion does not occur pursuant to the law as cited (2679(b)(2)(a)(13). Petitioner is within his rights under Congressional intent to also include FTC relief within his original petition.

## CIVIL RICO RELIEF

Petitioner "Vitrano", requests relief under Civil RICO as enumerated;
1). Injunctive relief, affording immediate vacation of all criminal process;
2). Immediate release from wrongful incarceration, due to the invalidity of Section 3231 of Title 18
3). Pecinary Relief in the amount of 50.0000.000(Fifty Million) for the 15 plus years of illegal detention.
    This is to be awarded against the United States Attorney General, the U.S.Marshals service, and the AUSA of the Eastern District of Wisconsin.

## BIVENS RELIEF

Petitioner requests individual as well as enumerated relief, injunctive relief, and pecuniary relief:
1). Injunctive relief against the Federal Bureau of Prisons, restraining them from medical indifference, and negligence, due to a serious medical need, and further being tolorated by the "Health Services Administrator at FCI Englewood and all other Federal Bureau of prisons facilities.
2). Injunctive relief, suspending all named officers under "Bivens" charges, from practice of medicine under the "BOP" at any time in the future.
3). Pecuniary damages against Dr. Santini, Nurse Practitioner, "Cordova", and Assistant health Services Administrator", Lazano", and "health Services Administrator, "Hudson", all employed at FCI Englewood, Co., in the amount of 150.000.00 per person
4). Pecuniary damages against "SHU" officers, whom participated in furtherence of the retaliation by medical staff members named", HSA Hudson"; "AHSA Lazano(sic)", "Dr. R.Santini", and "Nurse Practitioner, Frankie Cordova", "SHU" Officers, "Root", "Shu""Officer(s) Rafferty", "Officer(s) Shortis, "SHU" Supervisor, "Lieutenent Kessler"; "Lieutenent Shaw", "Superior officers/supervisors, Captian Guimond", "Assistant Warden, R.Mitchell", "Warden Huggins", and "East Unit Manager, "Staut", all employed at FCI Englewood, CO. in the sole amount of 15.000.00 per person.

## FTCA RELIEF USC.2679

Pursuant to 28 U.S.C. 2679(b)(2)(A)(B),The petitioner,"VITRANO", is entitled to monetary awards for Constitutional violations that occurred,starting in 2015,and have continued through the conduct(s) of the named defendants, this Court held that;

"Congress specified that such substitution, and immunity does not apply to claims,"Brought for violations of the Constitution of the United States",Citing;Meshal v. Higgen Botham,804 F.3d 417,(May 2015, U.S.D.C.A. District of Columbia).

"In the detainee treatment Act (42 USC.2000dd),the United States provided immunity for actions against alien detainees.

"Such immunity further hints that Congress contemplated that the United States agents would face some kind of liability in United States Courts when they mistreat their own citizens".(See "Higgin-Botham",as above).

## CLOSING

President George W. Bush,stated,in(June 26,2004),....

"American personell are required to comply with all U.S. laws, including the United States Constitution,Federal Statutes, including Statutes prohibiting "Torture".....(See 649 F.3d 762, Ali v. Rumsfield).

As such,the petitioner,"VITRANO",is simply requesting this Court stand in alignment with this statement,and provide relief as enumerated within this petition.

Petitioner,"VITRANO", relies upon "Haines v. Keaner,404 U.S.519,520, 92 S.Ct. 594 30 L.ed,2d 652(1972))."Subject to less stringent standards than formal pleadings drafted by lawyers".

Dated this 19Day of December,2017

Respectfully Submitted,

/s/ _____
THOMAS P. VITRANO,Petitioner,pro-se

## PROOF OF SERVICE

The movant must send a copy of this motion for authorization and all attachments to the United States Attorney's office in the district in which he or she was convicted.

I certify that on __12-22-2017__ (date), I mailed a copy of this Motion for Authorization and all attachments to: Clerk of Court, E. Barrett Prettyman Courthouse

at the following address: 333 Constitution Drive., N.W., Room 1225

Washington, D.C. 20001

_____
Movant's Signature

---

Pursuant to Fed. R. App. P. 25(a)(2)(c), "A paper filed by an inmate confined in an institution is timely filed if deposited in the institution's internal mail system on or before the last date for filing. Timely filing of a paper by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."